## CHARLES WATERHOUSE v. S. W. BLOUNT.

### SUPREME COURT, TYLER TERM, 1882.

*Practice—Appeal from justice's to district court.*—An appeal from a justice's court to the district court will not be dismissed because no motion for new trial was first made in the justice's court.

*Landlord's lien.—Pledged property.*—The landlord has a preference lien on the crop of his tenant, under art. 3107 et seq., R. S. Where cotton raised on premises was removed off the premises to a gin, by consent of the landlord, and with the understanding that the same should be sold by the landlord, and the proceeds applied to the payment of advances, it was not subject to attachment by a third party. Not only did the landlord have a statutory lien upon the cotton, but it was in his possession as a pledge until he was paid.

Appeal from San Augustine county.—Opinion by Gould, C. J.—This is a case originating in the justice's court in a county in which the appeal of such cases lies to the district court; and because that appeal was taken without having first made a motion for new trial in the justice's court, the appellee in that court (being the appellant in this) moved to dismiss the appeal. The refusal of the motion is one of the errors relied on by the appellant in this court. Formerly this motion would have prevailed, but under the provision of the Revised Statutes (see art. 1638) a different rule obtains. In the Court of Appeals, which is the court of last resort, ordinarily, in such cases, we understand the rule now in force to be that an appeal to the county court will not be dismissed because no motion for new trial was first made in the justice's court.

The case was one of trial of the right of property in 2078 pounds of cotton in the seed, attached at the suit of Blount as the property of Price, and claimed by Waterhouse. It was tried in the district court, without a jury, and the facts, as found by the judge, are: That the cotton was raised by Price, upon the farm of Waterhouse, under a contract by which Waterhouse furnished the land, the farming utensils, the team, and feed for the team, and Price did the cultivation, each to have one-half the crop. By the contract, Waterhouse was to furnish supplies to Price, for which Price was to pay him out of his half of the crop. The entire crop, amounting to 4156 pounds of seed cotton, was hauled by Waterhouse to a neighbor's gin, by the consent of Price, and with the agreement of Price that Waterhouse should sell Price's half and account for the proceeds after paying himself for his advances. The advances amounted to $87.00, and the value of Price's 2078 pounds was $50.00. When Waterhouse delivered the cotton at the gin he did so with instructions to hold Price's half subject to his (Waterhouse's) order until he was paid his advances. Whilst the cotton was at the gin it was attached, at the suit of Blount, as Price's property, and was claimed by Waterhouse.

On these facts, the district court held that the cotton was subject to Blount's attachment, and gave judgment accordingly, and that judgment is assigned as error.

The record does not show on what legal grounds the court rendered this judgment. If, as stated in the brief of counsel for appellant, the court held that, under the contract between them, Waterhouse and Price were partners, we cannot agree in that opin-

B7

ion. In our opinion, the facts found by the court present a case in which Waterhouse had a lien on Price's half of the cotton to secure payment of his advances, and in which that cotton was lawfully in his possession.

Not only did he have this lien under the statute (see R. S., arts. 3107 *et seq.*), but by his contract with Price, and by the consent of Price, the cotton was in his possession as a pledge until he was paid.

By leaving the cotton at the gin, with the instruction which he gave, he had not parted with that possession.

The case is not one of a mere mortgage, but one of a pledge, in which the possession of Waterhouse, the pledgee, could not rightfully be disturbed by the levy of an attachment against Price, the pledgor; and when that possession was so disturbed, Waterhouse could protect it by claiming the property under the statute. (See Osborne v. Koenigheim, Austin term, 1882, 1 Texas Law Reporter, p. 148, in which case this point was decided.)

In accordance with these views, the judgment of the district court will be reversed, and judgment will be here rendered that plaintiff take nothing by his suit, and that complainant, Waterhouse, recover his costs in this court, and in the district and justice's courts.